# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 20-847V
Filed: August 26, 2022
UNPUBLISHED

|  |  |
|---|---|
| KALEE CAMBRAY, on behalf of S.C.,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Joint Stipulation on Damages; Haemophilus Influenzae Type B (HIB) Pedvax vaccines; Abscess; Granulomas |

*Jerome A. Konkel, Samster Konkel and Safran, Wauwatosa, WI,* for petitioner.
*Naseem Kourosh , U.S. Department of Justice, Washington, DC,* for respondent.

### DECISION ON JOINT STIPULATION[1]

On July 13, 2020, Kalee Cambray, petitioner, on behalf of her minor daughter S.C., filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").  Petitioner alleges that S.C. suffered injuries including abscesses and granulomas caused-in-fact by her Haemophilus Influenzae Type B (HIB) Pedvax vaccines on July 14, 2017, September 13, 2017, and May 8, 2018.  Petition at 1; Stipulation, filed August 26, 2022, at ¶ 4.  On March 15, 2021, respondent filed a Rule 4(c) report "conceding that petitioner is entitled to compensation for S.C.'s injuries, namely an induration or abscess on S.C.'s left thigh, two indurations or abscesses on S.C.'s right thigh, and a scar on S.C.'s right thigh."  Stipulation at ¶ 4.  On March 15, 2021, I issued a Ruling on Entitlement, finding petitioner entitled to compensation.  (ECF No. 24.)

On August 26, 2022, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation.  I find the stipulation reasonable

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy.  If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

and adopt it as the decision of the Court in awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award the following compensation:**

**A lump sum of $40,000.00 in the form of a check payable to petitioner**. Stipulation at ¶ 6.  This amount represents compensation for all items of damages that would be available under § 15(a).  *Id*.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Daniel T. Horner<br>
Daniel T. Horner<br>
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| KALEE CAMBRAY,<br>*on behalf of* S.C.,<br><br>　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>　　　　　Respondent. | No. 20-847V (ECF)<br>Special Master Horner |

**STIPULATION**

The parties hereby stipulate to the following matters:

1. Kalee Cambray, petitioner, on behalf of petitioner's minor daughter S.C., filed a petition on for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 *et seq.* (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to S.C.'s receipt of the Haemophilus influenzae type B ("Hib") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. S.C. received Hib vaccines on July 14, 2017, September 13, 2017, and May 8, 2018.

3. The vaccinations were administered within the United States.

4. On March 15, 2021, respondent filed a report pursuant to Rule 4(c) of the United States Court of Federal Claims, Appendix B: Vaccine Rules, conceding that petitioner is entitled to compensation for S.C.'s injuries, namely an induration or abscess on S.C.'s left thigh, two indurations or abscesses on S.C.'s right thigh, and a scar on S.C.'s right thigh. On March 15, 2021, the Special Master issued a Ruling on Entitlement, finding petitioner entitled to compensation.

5. The parties now agree that a decision should be entered awarding the compensation described in paragraph 6 of this Stipulation.

6. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of **$40,000.00** in the form of a check payable to petitioner as guardian/conservator of S.C.'s estate. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

7. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the Special Master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

8. Petitioner and petitioner's attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

9. Payment made pursuant to paragraph 6 of this Stipulation and any amounts awarded pursuant to paragraph 7 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

10. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for S.C.'s benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

11. Petitioner represents that petitioner presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of S.C.'s estate under the laws of the state of Wisconsin. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing petitioner's appointment as guardian/conservator of S.C.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of S.C. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of S.C. upon submission of written documentation of such appointment to the Secretary.

12. In return for the payments described in paragraphs 6 and 7, petitioner, in petitioner's individual capacity and as legal representative of S.C., on behalf of petitioner, S.C., and S.C.'s heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 *et seq.*, on account of, or in any way growing out of, any and all known or unknown, suspected or

unsuspected personal injuries to or death of S.C. resulting from, or alleged to have resulted from, the Hib vaccinations administered on July 14, 2017, September 13, 2017, and May 8, 2018, as alleged by petitioner in a petition for vaccine compensation filed on or about July 13, 2020 in the United States Court of Federal Claims as petition No. 20-847V.

13. If S.C. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

14. If the Special Master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 7 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Service that S.C. suffered an injury contained in the Vaccine Injury Table.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner and S.C.'s heirs, executors, administrators, successors, and/or assigns as legal representatives of S.C.

**END OF STIPULATION**

Respectfully submitted,

PETITIONER:

_____
KALEE CAMBRAY

ATTORNEY OF RECORD
FOR PETITIONER:

_____
JEROME A. KONKEL
Samster, Konkel & Safran
a division of
Groth Law Firm, S.C.
11063 W. Bluemound Road
Wauwatosa, WI 53226
Telephone: (414) 588-3360
Email: jerry@grothlawfirm.com

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

_____
HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

George R. Grimes - S14
Digitally signed by George R. Grimes -S14
Date: 2022.06.13 20:03:43 -04'00'
_____
CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

_____
NASEEM KOUROSH
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Telephone: (202) 305-1159
Email: Naseem.kourosh@usdoj.gov

Dated: 8/26/2022

6